STATE OF HAWAII, Plaintiff-Appellee, *v.* JAMES T. HASEGAWA, Defendant-Appellant

NO. 8923

(D.C. NO. 82-7820)

AND

STATE OF HAWAII, Plaintiff-Appellee, *v.* PAUL H. CARREIRA, Defendant-Appellant

NO. 7155

(D. C. NO. 1978-3138)

MARCH 5, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

These are appeals from convictions for prostitution and terroristic threatening, respectively. Appellants contend that the State had to prove that the appellants were not 18 years of age or younger and that it failed to do so.

Appellants' contention is based on HRS § 701-114(1)(c) which

requires that the State prove facts establishing jurisdiction of the trial court beyond a reasonable doubt.

However, there is no dispute that the trial court in both instances had jurisdiction to try the offense in question. Moreover, the appellants made no contention below, nor do they make any contention here, that they, or either of them, were in fact 18 years of age or younger and therefore triable only in family court.

The situation is analogous to the ancient privilege of "benefit of clergy" existing at common law in England in medieval times. With respect to certain offenses, clergymen were triable only in ecclesiastical, not secular, courts. If they were accused of crimes of such a nature that the privilege applied, they raised the contention that they were clergymen by appropriate motion. *See* the definition of "benefit of clergy" in Black's Law Dictionary (5th ed.) at 144 (1979).[1]

We hold that there is no need for the State to prove in each criminal prosecution that the accused is over 18 years of age. If appellants had genuinely contended that they were 18 years of age or younger in these cases, it was their burden to raise the matter by appropriate motion. Affirmed.

*Tyrus Buyama (Michael K. Tanigawa* on the opening brief for appellant Hasegawa and *Alvin T. Sasaki* on the opening brief for appellant Carreira), Deputy Public Defenders, for appellants.

*Arthur E. Ross,* Deputy Prosecuting Attorney, for appellee.

---

[1] They usually established that they were clergymen by demonstrating that they could read and write. Black, *Id.*